# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Apple iPhone 15 Pro Max, belonging to William Michael ) Case No. '24 MJ1562 MSB
Hyde, located at the Federal Bureau of Investigation, )
10385 Vista Sorrento Pkwy, San Diego, CA 92121 )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein,

located in the  Southern  District of  California , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 875(c) | Interstate Threatening Communication |

The application is based on these facts:

See attached Affidavit in Support of an Application for a Search Warrant, incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Sarah Sherrod, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ *(specify reliable electronic means)*.

Date: February 23, 2024

*Judge's signature*

City and state: San Diego, California    U.S. Magistrate Judge Michael S. Berg
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: APPLE IPHONE 15 PRO MAX, BELONGING TO WILLIAM MICHAEL HYDE, LOCATED AT THE FEDERAL BUREAU OF INVESTIGATION, 10385 VISTA SORRENTO PKWY, SAN DIEGO, CA 92121. | Case No. '24 MJ1562 MSB |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

1. I, Sarah Sherrod, being first duly sworn, hereby depose and state as follows:

#### TRAINING AND EXPERTISE

2. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since April 2023. I am currently assigned to the San Diego Division of the FBI on the Public Corruption and Civil Rights Violation Squad. I am charged with investigating possible violations of federal criminal law. I received basic law enforcement training at the FBI Academy in Quantico, VA and have seen received on the job training and experience related to the investigation of federal law, to include the offenses discussed below. Prior to my role as a Special Agent, I was employed by the FBI as a Tactical Specialist assigned to the Portland Division, Eugene Resident Agency beginning in July 2021. As a Tactical Specialist, I was charged with analyzing extracted data and records and assisting Special Agents with investigations of federal law. By virtue of my FBI employment, I perform and have performed a variety of investigative tasks, including functioning as a case agent on public

corruption cases and civil rights cases, as well as assisting other case agents on investigating federal crimes related to domestic terrorism, complex fraud and financial crimes, drug and gang crimes, human trafficking, and other classification of criminal activity. I have experience in collection of digital evidence, and I am certified in basic cellular data analysis by the San Diego Regional Computer Forensic Laboratory. Additionally, I have received training and experience in interviewing and interrogation techniques, the execution of federal search warrants and seizures, and the identification and collection of computer-related and other devices. In addition, I have personally participated in the execution of federal search warrants in the Southern District of California involving the search and seizure of electronic devices.

## PURPOSE OF AFFIDAVIT

4. I submit this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search of the following **Target Telephone**, as further described in Attachment A:

   a. An Apple iPhone 15 Pro Max, black titanium in color, as pictured in Attachment A, which is currently in the possession of the Federal Bureau of Investigation ("FBI") in San Diego, California.

5. As discussed further herein, the **Target Telephone** belongs to William Michael Hyde ("HYDE"), a male born May 31, 1972, with a Social Security Number ending in x4909.

6. On February 16, 2024, a Federal grand jury sitting in the Southern District of California found probable cause and returned an Indictment charging HYDE with one count of 18 U.S.C. § 875(c), Interstate Threatening Communication (the "SUBJECT OFFENSE"). That Indictment has been assigned Case No. 24CR0276-BAS. A sealed warrant for HYDE's arrest was issued. On February 22, 2024, FBI executed the arrest warrant and took HYDE into custody. HYDE is expected to make his initial appearance on February 23, 2024, in this district.

7. On February 21, 2024, this Court issued a sealed warrant (No. 24-mj-00713-MSB) to search and seize an Apple iPhone 12 Pro Max, graphite in color, with IMEI 354703756501715 (hereinafter the "Prior Phone"), subscribed to HYDE and assigned call number 619-988-4123 (hereinafter the "SUBJECT PHONE NUMBER"), which investigators expected to find on HYDE's person and seize incident to his arrest. However, when investigators arrested HYDE on February 22, 2024, he was carrying the **Target Telephone** rather than the Prior Phone. The **Target Telephone** was the only cellular device found on HYDE's person during the arrest. Based on their locating the **Target Telephone** – and only the **Target Telephone** – on the person of HYDE at the time of his arrest, investigators believe that HYDE changed his phone from the Prior Phone to the **Target Telephone**. The FBI has had custody of the **Target Telephone** since removing it from HYDE's person incident to arrest. The **Target Telephone** is located in the Regional Computer Forensics Lab at the Federal Bureau of Investigation, 10385 Vista Sorrento Pkwy, San Diego, CA 92121.

8. I submit that the facts contained herein demonstrate probable cause to believe that the **Target Telephone** contains evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSE, as further described in Attachment B. The applied-for warrant authorizes the forensic examination of the **Target Telephone** for the purpose of identifying electronically store data particularly described in Attachment B.

9. The information contained herein is based upon my own personal investigation, observations, and knowledge, as well as upon the investigation, personal observations, and knowledge of other law enforcement officers with whom I have discussed this case. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a search warrant, I have not included every item of evidence or piece of information known to me, but rather I have included only those facts necessary to establish probable cause.

## PROBABLE CAUSE

10. The FBI has been investigating threats made over interstate communications, specifically threatening voicemail messages sent to an election official with the Maricopa County Recorder's Office (VICTIM-1) in Phoenix, Arizona, on November 29, 2022. The investigation has resulted in Case No. 24CR0276-BAS, alleging a violation of, *inter alia*, 18 U.S.C. § 875(c), Interstate Threatening Communications. The details of the investigation are below.

11. On or about November 8, 2022, the State of Arizona held general elections for federal and state officeholders, including races for U.S. Senator, U.S. House of Representatives, the Arizona Governor, the Arizona Attorney General, and the Arizona Secretary of State, among other elections. Several of these elections received nationwide media coverage.

12. During the 2022 general elections, approximately 2.6 million ballots were cast in Arizona.[1] Of these ballots, approximately 1.5 million ballots were cast in Maricopa County, Arizona.[2]

13. The Maricopa County Board of Supervisors, the Maricopa County Recorder's Office, and Maricopa County Elections administer state, federal, and other elections in Maricopa County, Arizona.

14. On or about November 28, 2022, the Maricopa County Board of Supervisors held a Special Meeting and certified the 2022 general election results in Maricopa County, Arizona. VICTIM-1 participated in the Special Meeting, which received nationwide media coverage.

---

[1] Arizona Sec'y of State, State of Arizona Official Canvass: 2022 General Election – Nov. 08, 2022, https://apps.azsos.gov/election/2022/General/canvass/2022dec05_general_election_canvass_web.pdf (last visited Feb. 20, 2024).

[2] *Id.*

15. On November 29, 2022, one day after this Special Meeting, VICTIM-1 received two voicemails on his personal cellular device from the SUBJECT PHONE NUMBER. The two voicemails (respectively, "VM1" and "VM2") are transcribed below:

**Voicemail 1 (8:43 p.m. ET):** "Run, motherfucker."

**Voicemail 2 (8:44 p.m. ET):** "You wanna cheat our elections? You wanna screw Americans out of true votes? We're coming, motherfucker. You'd better fucking hide."

16. VICTIM-1 provided to investigators screenshots of his personal cellular telephone for each of the voicemails. The screenshot for VM1 listed "HYDE WILLIAM," the SUBJECT PHONE NUMBER, and "San Diego, CA." The screenshot of VM2 listed the SUBJECT PHONE NUMBER and "San Diego, CA." Both screenshots are shown below:



16. On November 29, 2022, VICTIM-1 was in Washington, D.C. when he listened to the voicemails and reported them to his security officer for the Maricopa County Recorder's Office, as well as the Maricopa County's Sheriff's Office.

17. Information provided by AT&T confirmed the account for SUBJECT PHONE NUMBER was held by "William Hyde" with a billing address of 10635 Calle Mar De Mariposa, Apt 5409, San Diego, CA 92130. AT&T records showed that two outgoing calls were placed from the SUBJECT PHONE NUMBER to VICTIM-1's personal cellular telephone on November 29, 2022. AT&T records also identified that the device connected with SUBJECT

PHONE NUMBER was an iPhone 12 Pro Max with IMEI 354703756501715, i.e. the Prior Phone.

18. Information provided by Apple, Inc. indicated that the Prior Phone was "graphite" in color, and that it was purchased on March 11, 2021, by customer "Billy Hyde," with an address of 10636 Calle Mar De Mariposa, 5409, San Diego, CA 92130-8713. Apple records also verified that the Prior Phone was activated on the AT&T network and associated with the SUBJECT PHONE NUMBER.

19. On November 20, 2023, FBI interviewed HYDE at 10636 Calle Mar De Mariposa, Apartment 5409, San Diego, CA 92130. During the interview, HYDE confirmed that the SUBJECT PHONE NUMBER was his current telephone number and that no other person used the SUBJECT PHONE NUMBER. HYDE acknowledged that he had left the two voicemails at issue, stating, "That's definitely me." HYDE said that he believed that VICTIM-1 was in charge of election audits in Arizona. HYDE also said that he was trying to create "some sort of stress and pressure." When asked whether he could see how someone in a recipient's shoes could perceive the language as threatening, HYDE responded, "For sure," and "It was the intent." HYDE also said, "Somebody has to create a little heat for this guy."

**BASIS FOR EVIDENCE SOUGHT IN SEARCH WARRANT**

20. Based on my training and experience and familiarity with investigations into the Subject Offense, and my discussions with other trained law enforcement officers, I am aware that individuals who engage in the Subject Offense use digital devices, including their cellular phones as an instrumentality for committing the criminal offense, as well as a storage medium for evidence of said crime such as through call logs, text messages, e-mails, and group chats. I am also aware that individuals use their cellular devices to communicate with any co-conspirators. They can communicate with co-conspirators via telephone calls and text messages.

21.     Based on information that is publicly available from Apple, Inc., I am aware that several relatively seamless methods exist for transferring data from one iPhone /iOS device to a different iPhone / iOS device.[3]  Based on my training and experience, and my discussions with other trained law enforcement officers, I am aware that individuals who use cellular devices such as iPhones, and who change or upgrade their iPhone to a newer version of the iPhone, frequently transfer the data from the original device to the new device for continuity of function and to prevent loss of data in applications, such as photos, contacts, bookmarks, and other activity.

## PROCEDURES FOR ELECTRONICALLY STORED INFORMATION

22.     It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed, and the nature of the data stored on the device.  Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing.  An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device.  For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network.  Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device.  Current technology provides some solutions for acquiring some of the data stored in some cellular

---

[3]  Apple Support, *Use Quick Start to transfer data to a new iPhone or iPad* (Nov. 16, 2022), *available at* https://support.apple.com/en-us/HT210216 (last visited Feb. 22, 2024); Apple, *Transfer data from your previous iOS or iPadOS device to your new iPhone or iPad* (Sept. 12, 2022), *available at* https://support.apple.com/en-us/HT201269).

telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

23. Following the issuance of this warrant, agents will collect the **Target Telephone** and subject it to analysis. All forensic analysis of the data contained within the **Target Telephone** and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

24. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## CONCLUSION

25. Based upon my training and experience, consultation with other law enforcement officers, the Indictment returned by the Federal grand jury in Case No. 24CR0276, and all the facts and opinions set forth in this affidavit, I submit that there is probable cause to conclude that the **Target Telephone**, as described in Attachment A, was utilized to commit a violation of Title 18, United States Code, Section 875(c). Furthermore, I believe there is probable cause to conclude that the **Target Telephone** contains stored data that constitutes evidence, fruits, and instrumentalities of such, violations, and I respectfully request that the warrant be issued authorizing a search for and seizure of that data, as further described in Attachment B.

Respectfully submitted,

_____
Sarah Sherrod
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on February  23 , 2024.

_____
HONORABLE MICHAEL S. BERG
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

*Property to be Searched*

An Apple iPhone 15 Pro Max, black titanium in color, belonging to William Michael Hyde ("HYDE"), a male born May 31, 1972, with a Social Security Number ending -4909 (hereinafter the **Target Telephone**).  The **Target Telephone** was removed from the person of HYDE, for whom a sealed, federal arrest warrant was issued.  The **Target Telephone** is located in the Regional Computer Forensics Lab at the Federal Bureau of Investigation, 10385 Vista Sorrento Pkwy, San Diego, CA 92121, and is depicted in Photographs 1-4 below.



*Photograph  1*



*Photograph 2*



*Photograph 3*



*Photograph 4*

## ATTACHMENT B

*Property to be seized*

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone for evidence described below. The seizure and search of the cellular telephone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The following evidence to be seized from the **Target Telephone** pertains to violations of 18 U.S.C. § 875(c) [Interstate Threatening Communications] and will be electronic records, communications, information, and data such as emails, text messages, chats and chat logs from various third-party applications, web history, files, metadata, photographs, audio files, videos, and location data, for the period of November 8, 2022, up to and including November 30, 2023:

1. relating to VICTIM-1 and/or the Maricopa County Recorder's Office, including any communications with associates, organizations, or others that reference VICTIM-1 and/or other targets of threatening communications;
2. relating to targets or potential targets of threats, harassment, or intimidation by HYDE;
3. relating to the identity or location of the suspect, associates, and co-conspirators;
4. relating to who used or owned the **Target Telephone** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; and
5. relating to the **Target Telephone**'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.